Hugo NEUFFER, an individual, Plaintiff,

v.

BAKERY & CONFECTIONERY WORK-
ERS INTERNATIONAL UNION, an
unincorporated association, Defendant.

Civ. A. No. 3177-58.

United States District Court
District of Columbia,
Civil Division.

May 2, 1961.

Warren Woods, Washington, D. C., for
plaintiff.

Herbert S. Thatcher, Washington, D.
C., for defendant.

LETTS, District Judge.

The plaintiff, Hugo Neuffer, seeks to require the defendant, Bakery & Confectionery Workers International Union, an unincorporated association, to resume payment of certain pension benefits which plaintiff claims are owed to plaintiff under the defendant Union's "Employees' Pension Plan". It appears without dispute that pension payments had been made to the plaintiff from August of 1952 to July of 1958 at which time such payments were discontinued by the defendant. Such pension payments were discontinued following certain disciplinary action taken against plaintiff, after charges were preferred against him, and after a hearing on such charges. Plaintiff was found guilty of having engaged in dual union activities in violation of Sub-sections 2, 3, 4, 5 and 9 of Section 6, Article XX of defendant's Constitution by his sponsorship of a rival union. Following such proceedings and the finding of plaintiff's guilt, the defendant ordered forfeiture of plaintiff's pension benefits pursuant to Section E(19) of the Pension Plan which provides as follows:

"(19) Forfeiture of Rights—A participant shall forfeit all rights to any benefits hereunder if he be found guilty of an offense against the Union after proper trial in accordance with the Trials and Appeals procedure set forth in Article XXIII of the Constitution and laws of the Union and if, in consequence, the General Executive Board of the Union orders such forfeiture of benefits."

It is the plaintiff's claim that such forfeiture of his pension benefits was unlawful and in violation of contractual obligations to the plaintiff and that the defendant is without legal authority to modify, withdraw or cause the forfeiture of such benefits.

The defendant filed a motion to dismiss the complaint, which was denied; thereafter, defendant filed its answer to plaintiff's complaint; believing that no issues of material fact existed in the controversy, the plaintiff and the defendant filed cross-motions for summary judgment, each of which was denied, the Court being of opinion that issues of material fact were present.

Plaintiff does not deny that he engaged in dual union activities which appear to be contrary to the Constitution and laws of the defendant Union.

It is clearly established that the Pension Plan is a non-contributory, unilateral, voluntary plan established by the defendant Union as the employer and as such it is the contention of the defendant that the relationship between plaintiff and the defendant was not of a contractual nature and the defendant Union had a right to prescribe such conditions as it chose in respect to the payment of benefits or the modification or discontinuance of the plan itself. With such contention the Court now expresses full agreement.

The Employees' Pension Trust Fund agreement provides and the Pension Plan contemplates the creation of a trust to implement and carry out the provisions of the plan and to facilitate its administration.

█ Article V, Section V-3 of the Pension Trust Fund agreement provides:

"The laws of Illinois shall govern, control or determine all questions arising with respect to this agreement and the interpretation and validity of its provisions."

The laws of Illinois which relate to the interpretation, application and validity of the Pension Plan are made clear upon a reading of the Court's opinion in Hughes v. Encyclopaedia Britannica, 1 Ill.App.2d 514, 117 N.E.2d 880, 42 A.L. R.2d 456. It is there without doubt held that in any such gratuitous pension plan there are none of the essential elements of a contract and that the courts will not construe such a voluntary non-contributory plan strictly against an employer. See also Menke v. Thompson, 8 Cir., 140 F.2d 786.

█ The provisions of the Plan clearly show that the defendant Union has retained to itself all controls, reservations and rights in respect to modification or termination of the Plan and the forfeiture of rights thereunder. Because of such express reservations in the Pension Plan, the defendant is not put to the necessity of invoking its inherent rights. The forfeiture clause was a part of the Plan when the plaintiff became a participant thereunder and plaintiff is bound by such provision. An extensive annotation is found in 42 A.L.R. 2d 462 which discloses that the greater weight of judicial authority sustains the proposition that under a gratuitously and voluntarily promulgated private employer pension plan to which the employees make no contributions, the employer is privileged to grant or withhold benefits at its pleasure and to terminate or withdraw the making of contributions or to amend or terminate the plan itself. This is shown to be particularly true where as here the claimant did not enter the original employment under any expectation of pension benefits. The summary of the cases reviewed in the Annotation is of interest. It states:

"* * * and accordingly voluntary pension plans have usually contained such explicit disclaimers of any intention on the employer's part to become legally obligated for the payment of pensions that the courts, while frequently expressing sympathy for the employee who has served for a lifetime in the expectation of security during his declining years, have been forced to the conclusion that under the express terms of the pension plan the pension benefit was merely a gratuity that the employer could grant or withhold at his pleasure."

The case has been submitted to the Court for the determination of three separate issues. The first essential issue calls for a determination of the case up-

on the merits. Such issue has been considered and reviewed and the Court holds that the plaintiff has failed to make out a cause of action and upon that issue his complaint must be dismissed.

The defendant has raised additional defenses making the claim that the defendant has not been properly served and that the plaintiff has failed to join indispensable parties. Such collateral issues have been heard and determined in other proceedings had in this Court. The Court is of the view that such collateral issues have been properly disposed of against the contention of the defendant and such disposition thereof has the approval of this Court.

It being the opinion of the Court that plaintiff's complaint must be dismissed upon its merits, the Court requests that counsel for defendant submit for settlement, findings of fact, conclusions of law and a judgment form dismissing the complaint.